IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |  |
|---|---|---|
| DAVID R. LOCKEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-367-JDK |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Plaintiffs David R. Lockey and Kylene Lockey initiated this lawsuit in state court seeking to set aside a foreclosure sale. The case was removed to federal court and was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Plaintiffs' motion seeking a temporary restraining order and/or preliminary injunction. Docket No. 9. The Magistrate Judge issued a Report recommending that the motion be denied. Docket No. 13. Plaintiffs filed written objections. Docket Nos. 14; 15.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Report found that the Court lacks jurisdiction to grant the requested injunctive relief based on the Anti-Injunction Act. Docket No. 13 at 4. The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Plaintiffs argue that the Anti-Injunction Act does not bar relief. Docket No. 14 at 1–2; Docket No. 15 at 1–2. But Plaintiffs misunderstand this Court's jurisdiction and entirely fail to engage with the cases cited in the Report correctly stating the law.

Here, there are two relevant actions. This lawsuit concerns Plaintiffs' post-foreclosure petition to set aside a foreclosure sale. Separately, Defendants obtained a forcible detainer judgment in State court granting possession of the property sold at the foreclosure sale. Plaintiffs seek injunctive relief concerning that eviction proceeding. But the Anti-Injunction Act deprives a federal district court of jurisdiction to grant post-foreclosure injunctive relief concerning a State court forcible detainer judgment. *See Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. App'x 414, 416 (5th Cir. 2013) (per curiam); *see also Hernandez v. PreCab, Inc.*, 2015 WL 12747815, at *1–2 (E.D. Tex. Aug. 25, 2015); *Mesa v. Wells Fargo Bank, N.A.*, 2017 WL 3940534, at *1–2 (E.D. Tex. Sept. 8, 2017) (collecting cases); *Green v. Bank of Am. N.A.*, 2013 WL 2417916, at *1–2 (S.D. Tex. June 4, 2013). As in *Knoles*, the injunctive relief

sought here by Plaintiffs would necessarily result in enjoining Defendants from "enforcing a valid extant judgment of a Texas court," in contravention of the Anti-Injunction Act. *See Knoles*, 513 Fed. App'x at 416.

And even assuming the Court had jurisdiction to grant Plaintiffs' requested relief, the Court would deny relief on the merits. To obtain preliminary relief, a plaintiff must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

As the Report noted, Plaintiffs failed to "identify, much less establish, any of the prerequisites for a temporary restraining order or a preliminary injunction." Docket No. 13 at 4. In their objections, Plaintiffs "renew" their motion for a preliminary injunction. Docket No. 14 at 2. Once again, however, Plaintiffs fail to make the requisite showing. Specifically, Plaintiffs offer a single sentence to establish likelihood of success on the merits: "Plaintiffs allege violations of due process, lack of proper notice of default and sale, and procedural irregularities in the foreclosure under Texas law." *Id.* This mere recitation of their allegations fails to explain why Plaintiffs are likely to succeed on those claims. Accordingly, the Court would independently deny Plaintiffs' requested relief on the merits.

The Court has also considered Plaintiffs' additional objections and finds them meritless. *See* Docket Nos. 14; 15. Therefore, having conducted a de novo review of

the record and Plaintiffs' objections, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and that the objections lack merit.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 13) is **ADOPTED**. Plaintiffs' objections (Docket Nos. 14; 15) are **OVERRULED**. Plaintiffs' motion for a temporary restraining order and/or preliminary injunction (Docket No. 9) is **DENIED**.

So **ORDERED** and **SIGNED** this **2nd** day of **May, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE