# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID R. LOCKEY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-367-JDK |
| | § | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs David R. Lockey and Kylene Lockey initiated this lawsuit in state court seeking to set aside a foreclosure sale. The case was removed to federal court and is referred to United States Magistrate Judge K. Nicole Mitchell in accordance with 28 U.S.C. § 636. Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint. Docket No. 25. Judge Mitchell issued a Report recommending that the motion be granted. Docket No. 27. Plaintiffs filed written objections. Docket No. 28.

The Report recommends granting the motion and dismissing the case with prejudice. The Report concludes that Plaintiffs do not have a private cause of action arising out of TEX. PROP. CODE § 51.002, Plaintiffs have not alleged facts stating a viable claim for wrongful foreclosure, and Plaintiffs have not alleged facts stating a claim pursuant to 42 U.S.C. § 1983. Docket No. 27 at 4–7. In their objections, Plaintiffs argue that Defendants failed to provide notice of the foreclosure and that failure to provide notice, standing alone, is sufficient to render the foreclosure sale

1

void.  Docket No. 28 at 2.  Plaintiffs additionally seek leave to file a second amended complaint, again asserting a wrongful foreclosure claim based on a lack of notice and a Section 1983 claim alleging a lack of due process.  *Id.* at 8–11.

The elements of a wrongful foreclosure claim are:  (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).  To prevail, a plaintiff must establish each element.  The lack of evidence or negation of any element of a wrongful foreclosure claim is fatal to that claim.  *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 571–572 (Tex.App.—Amarillo, Nov. 18, 2013).

Here, Plaintiffs allege a defect in the foreclosure proceeding in their first amended complaint and the proposed second amended complaint, but they do not allege a grossly inadequate selling price or a causal connection between the alleged defect and a grossly inadequate selling price.  The cases relied upon by Plaintiffs do not excuse a plaintiff from establishing each element.[1]  Regardless of the alleged notice defect in the foreclosure proceeding, Plaintiffs have not alleged facts stating a plausible claim for wrongful foreclosure.  Additionally, the written objections do not address the finding in the Report that Plaintiffs have not alleged facts showing action by a state actor in violation of Section 1983.  Because Defendants are private entities, Plaintiffs have not stated a claim against Defendants pursuant to Section 1983.

---

[1] Indeed, one of the cases cited by Plaintiffs—*Roure v. Capital One, N.A.*, No. 4:19-CV-00151, 2020 WL 2841371 (E.D.Tex. June 1, 2020)—does not exist in the court's records or at the provided Westlaw citation.  Docket No. 28 at 3.

2

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding and recommendation to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), superseded on other grounds by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Having made a de novo review of the written objections filed by Plaintiffs in response to the Report and Recommendation, the Court concludes that the findings and conclusions of Judge Mitchell are correct and that the objections are without merit.

Accordingly, it is hereby **ORDERED** that Judge Mitchell's Report and Recommendation (Docket No. 27) is **ADOPTED**. The motion to dismiss (Docket No. 25) is **GRANTED**. It is **ORDERED** that this case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **1st** day of **October, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE